**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOSEELIN Y. C.,

Petitioner,

v.

PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement.

Respondents

No. 26-cv-1348 (KMM/DLM)

**ORDER**

---

This matter is before the Court on Petitioner Joseelin Y. C.'s petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) For the reasons that follow, the petition is granted.

## BACKGROUND

Joseelin Y. C. is a citizen of Venezuela who resides in Minneapolis. (Dkt. 1 ¶ 12.) She has lived in the United States for approximately three years (*id.*), but she does not claim to have been lawfully admitted to the United States following inspection at a port of entry. Joseelin Y. C. is not subject to a final order of removal. (*Id.* ¶ 13.) In July 2025, Joseelin Y. C. was arrested and charged with aiding and abetting criminal sexual conduct in the third degree by Minnesota law enforcement authorities. (Dkt. 4-3); *Minnesota v. Joseelin J. C.*, No. 27-CR-25-18677 (Minn. Dist. Ct. July 23, 2025) (Index # 1 (Crim.

Compl.)). Following that arrest, the state court released Joseelin Y. C. on conditions. *Joseelin J. C.*, No. 27-CR-25-18677 (Minn. Dist. Ct. July 24, 2025) (Index # 7 (Order for Conditional Release)); *id.* (Index # 16 (Order for Conditional Release)). She has appeared for court as required in that proceeding.

On February 5, 2026, agents from Immigration and Customs Enforcement (ICE) arrested Joseelin Y. C. after she reported for a scheduled court hearing at the Hennepin County Government Center (HCGC). (*Id.* ¶ 14.) Neither she nor her counsel were provided with a warrant for her arrest at that time. (*Id.*) However, Respondents have submitted a Form I-200 administrative arrest warrant dated February 5, 2026, which purports to have been served on Joseelin Y. C. at the HCGC. (Dkt. 4-2 (warrant stating that it was served at "300 S. 6th Street").)

Joseelin Y. C. filed her petition for a writ of habeas corpus under 28 U.S.C. § 2241 on February 11, 2026. (Dkt. 1.) That same day, this Court issued an Order requiring Respondents to certify "the true cause and proper duration of Petitioner's confinement and show[] cause why the writ should not be granted in this case." (Dkt. 3 ¶ 1.) In addition, the Court explained that Respondents answer should include: "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (*Id.* ¶ 2a.) Respondents filed their Response on February 13, 2026 (Dkt. 4), and Joseelin Y. C. filed a Reply on February 15, 2026 (Dkt. 5).

## DISCUSSION

### I. Legal Standard

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

### II. Mandatory Detention

Respondents assert that the immigration laws require them to detain Joseelin Y. C. pending the outcome of removal proceedings. They argue that her detention is mandated by either 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(c)(1)(E). As explained below, the Court concludes that neither of these provisions supports Petitioner's detention.

#### A. 8 U.S.C. § 1225

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. In their Response to the petition, Respondents argue first that Joseelin Y. C. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). This Court has previously held that, because a noncitizen who is residing within the United States is not "seeking admission," as set forth in § 1225(b)(2), that provision's detention requirement does not apply. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of

courts to have considered these issues have reached the same conclusion. Additionally, although the Fifth Circuit just agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4-10 (5th Cir. Feb. 6, 2026), *with Castanon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Respondents' position is that the cases representing the majority view were wrongly decided and that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). However, Respondents acknowledge that this Court has rejected their position in prior cases, and they wish to preserve their arguments for any appeal. (Dkt. 4 at 1.)

Although the Court has considered the arguments raised by Respondents, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Joseelin Y. C. or others who are similarly situated, and her mandatory detention under that provision is not supported by the law. Accordingly, the Court rejects Respondents' contention that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

**B. 8 U.S.C. § 1226(c)(1)(E)**

Respondents next argue that even if Joseelin Y. C. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), they are nevertheless required to detain her pending the outcome of removal proceedings under 8 U.S.C. § 1226(c)(1)(E). According to

Respondents, because Petitioner has been charged with aiding and abetting third degree criminal sexual conduct under Minnesota law, which is a "a serious crime," her "case falls squarely under 8 U.S.C. § 1226(c)(1)(E)," and she must be detained. (Dkt. 4 at 1-2.) Again, the Court disagrees.

As the Supreme Court has explained, pending completion of removal proceedings, "[s]ection 1226 generally governs the process of arresting and detaining" a group of aliens who are deportable because they "have been convicted of certain criminal offenses." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1227(a) and § 1226(a)). Under § 1226(a) "[t]he Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States,'" and after doing so, the Attorney General has discretion to release the alien on conditions or parole. *Id.* (quoting § 1226(a)). But § 1226(c) "carves out a statutory category of aliens who may *not* be released under § 1226(a)." *Id.* at 289. That category of aliens include those who have committed one of several specified categories of criminal offenses or terrorist activities. *See Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024) (citing *Jennings*, 583 U.S. at 303–04).

In January 2025, Congress amended § 1226(c) in the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025). Codified at 8 U.S.C. § 1226(c)(1)(E), the LRA "amendments mandate detention for noncitizens who are inadmissible … and have been arrested for, charged with, or convicted of certain crimes." *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025). As relevant here, this provision states that detention is required for an alien who "is charged with [or] is arrested for … committing acts which constitute the

essential elements of … any crime that results in death or *serious bodily injury* to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Here, whether a person has been charged with or arrested for a crime that results in "serious bodily injury" is determined by reference to the law of Minnesota. *See* 8 U.S.C. § 1226(c)(2) ("For purposes of paragraph (1)(E), the term[] … "serious bodily injury" ha[s] the meaning[] given such term[] in the jurisdiction in which the acts occurred").

As noted, Respondents assert that Joseelin Y. C.'s pending criminal charge in Minnesota state court falls squarely within the LRA amendments to § 1226(c) because she "has been charged with a serious crime." (Dkt. 4 at 2.) But § 1226(c)(1)(E)(ii) does not say that any alien charged with a "serious crime" is subject to mandatory detention. It applies to certain offenses defined under state law as having an element of "serious bodily injury." Although being charged with aiding and abetting criminal sexual conduct in the third degree is certainly serious, the elements of that offense under Minnesota law do not include serious bodily injury. Minnesota's criminal code contains the following relevant definitions:

> "Substantial bodily harm" means bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily member or organ, or which causes a fracture of any bodily member.
>
> "Great bodily harm" means bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily harm.

Minn. Stat. § 609.02, subds. 7a & 8. And under Minnesota law, third-degree criminal sexual conduct does not include any element of substantial bodily harm or great bodily harm. *See* Minn. Stat. § 609.344, subd. 1. Beyond their own *ipse dixit*, Respondents offer no analysis to the contrary.

In sum, because Joseelin Y. C. is not charged with an offense that subjects her to mandatory detention under § 1226(c)(1)(E)(ii), the Court rejects Respondents' effort to justify her detention pursuant the LRA amendments.

## III. The Administrative Warrant

As noted above, if the Attorney General issues a warrant for the arrest of an alien who she believes is removable, the alien may be detained. *See* 8 U.S.C. § 1226(a)(1). The Attorney General may also release an alien arrested based on such a warrant. *Id.* § 1226(a)(2). While the decision whether to detain an alien or release them on bond under this provision is left to the Attorney General's discretion, it must be made after a bond hearing. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961 (D. Minn. 2025) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (quoting *Jennings*, 583 U.S. at 306)). However, as courts in this district have recently held, when immigration authorities do not have authority to detain an alien under mandatory detention provisions and arrest her without a warrant, the appropriate remedy is release. *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026).

In her verified petition, Joseelin Y. C. alleges that no warrant was provided at the time of her arrest on February 5, 2026. Respondents have "attached a warrant, in support of the lawfulness of Petitioner's arrest, please see attached Form I-200 dated 5 February 2026." (Dkt. 4 at 2.) However, the Court notes that Respondents have provided no evidence concerning the provenance of the administrative warrant they have placed in the record. For example, there is no information about the immigration officer that purportedly signed the warrant; there is no attestation that the warrant was, in fact, served on Joseelin Y. C. at the time of her arrest; nor is there any indication of whether the warrant was even issued prior to Petitioner's arrest by ICE officers. Indeed, based on the record before the Court, the administrative warrant submitted by Respondents appears to have been served on Petitioner, if at all, only after her arrest. Other courts in this district have concluded that failure to provide such information under similar circumstances does not suffice to establish the lawfulness of a noncitizen's detention. *See, e.g.*, *Jose H.S. v. Bondi*, No. 26-cv-1253 (NEB/DTS) (D. Minn. Feb. 14, 2026) (Dkt. 11 (Order)) ("Respondents' I-200 attachment, with no accompanying affidavit from anyone with personal knowledge and because it appears to have been served after the arrest, is insufficient to establish the lawfulness of Jose H.S.'s detention.").

Accordingly, because Respondents have failed to provide such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's detention in light of the issues raised in the habeas petition, the Court orders the immediate release of Joseelin Y. C.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Joseelin Y.C.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.
2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that she is subject to such mandatory detention.
3. The Court **ORDERS** Respondents to immediately release Joseelin Y. C. **without conditions and no later than 5:00 p.m. on February 18, 2026**. This Order does not, however, affect any conditions of release imposed on Petitioner by the state court presiding over her criminal case.
4. Respondents must return **all of Joseelin Y. C.'s personal effects seized during her arrest upon her release, including but not limited to immigration paperwork**. Her property must be returned in the same condition as it was in at the time she was arrested.
5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of her release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 17, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge